UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:05-cr-5-01 (JMS-KPF) |
| | ) | |
| HENRY L. BEATTY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Jane Magnus-Stinson, Judge, on October 13, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on October 8, 2010, and to submit to Judge Magnus-Stinson proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on November 3, 2010, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*. The government appeared by Brad Shepard, Assistant United States Attorney. The defendant appeared in person and by counsel, Juval Scott, for appointed counsel, William Marsh, the Indiana Federal Community Defender. U. S. Parole and Probation appeared by Jason Phillips, U. S. Parole and Probation officer, and participated in the proceedings.

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That Juval Scott, Office of Indiana Federal Community Defender, was present to represent Mr. Beatty, in William Marsh's stead in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Beatty and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Beatty was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Beatty would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Beatty had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Beatty had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Magnus-Stinson's designation on October 13, 2010.

7. Mr. Beatty stated his readiness to waive the preliminary hearing at each hearing regarding the Petition then under consideration. Mr. Beatty then waived, in writing, the preliminary hearing and he was held to answer.

8. The parties stipulated the following in open Court:

(1) Mr. Beatty and the government agreed they were ready to proceed to disposition on the pending Petition to Revoke Mr. Beatty's supervised release in open Court this date.

(2) Mr. Beatty admitted that he committed the violations of specifications set forth in the Petition to Revoke Supervised Release, as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall refrain from any unlawful use of a controlled substance."** |
| **2** | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| **3** | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | On May 20, 2010, the offender submitted a urine sample which tested positive for marijuana. He admitted using the substance. On September 16, 2010, the offender submitted a urine sample which tested positive for cocaine. He denied using the substance, stating he was around cocaine, but did not touch or ingest it. |
| **4** | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |
| | The offender failed to appear for random urine tests on December 24 and 28, 2009, June 24, and September 15 and 27, 2010. |
| **5** | **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."** |
| | Mr. Beatty has been on supervised release since November 6, 2009, and during this time has not held a job with verifiable income. He |

has repeatedly been instructed to find an employer who will pay him by check and provide some documentation of income. Mr. Beatty however, continues to find employment where he is paid in cash, and then failed to provide any verification of income. He has not provided one document to verify his income in the previous ten months of supervision.

(3) Mr. Beatty has a relevant criminal history category of IV. *See,* U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. Beatty constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release the range of imprisonment applicable to Mr. Beatty is 12-18 months.

(6) The parties agree that the appropriate disposition for Mr. Beatty's violation of the conditions of supervised release is modification as follows:

(a) Defendant will reside at the Community Corrections Center, preferably the Volunteers of America, for a period of up to 120 days and shall abide by all the rules and regulations of the facility.

(b) Upon completion of his residence at the Community Corrections Center (VOA, Indianapolis, Indiana), the defendant shall continue on the previously-ordered supervised release conditions.

9. The Court then placed Mr. Beatty under oath and inquired directly of him whether he admitted committing violations of supervised release contained in the Petition to Revoke Supervised Release. Mr. Beatty admitted the violations.

The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Henry L.

Beatty, violated the above-delineated conditions of his supervised release. The defendant's supervised release is therefore **MODIFIED,** and Henry L. Beatty is to reside up to 120 days at a community corrections center, preferably the Volunteers of America, Indianapolis, Indiana. If U.S. Parole and Probation believes defendant should be terminated from residing at the community corrections center before the 120 days is complete, U. S. Parole and Probation may request termination. Upon completion of his residence at the Volunteers of America, the defendant shall continue on the previously-ordered supervised release conditions.

**WHEREFORE,** Mr. Beatty's supervised release is **MODIFIED** as set forth above.

Counsel for the parties and Mr. Beatty stipulated in open Court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72.b, *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Beatty entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure*, and/or may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation, upon which he may reconsider.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation modifying Mr. Beatty's supervised release.

**IT IS SO RECOMMENDED** this 4th day of November, 2010.

                                                Kennard P. Foster, Magistrate Judge
                                                United States District Court

Distribution:

Brad Shepard,
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

William Marsh,
The Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service