UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause Nos.  1:05-cr-0005-01 (S/F) |
| | ) | |
| HENRY L. BEATTY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Jane Magnus-Stinson, Judge, on September 30, 2010, designating this Magistrate Judge to conduct hearings on the Petition for Summons or Warrant for Offender Under Supervision, filed with the Court on September 28, 2011, and to submit to Judge Stinson proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings in this matter were held on October 25, 2011, pursuant to Title 18 U.S.C. §3583, and Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure*.[1] Mr. Beatty appeared in person and by appointed counsel, William Marsh, the Indiana Federal Community Defender; the government appeared by Nicholas Surmacz, Assistant United States Attorney, for Brad Shepard, Assistant United States Attorney; and Diane Asher, U. S. Parole and Probation officer, appeared and participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See*, Title 18, United States Code, Section 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. That William Marsh, the Indiana Federal Community Defender, appointed counsel, was present to represent Mr. Beatty in regard to the Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Beatty and his counsel who informed the Court that they had read and understood the specifications of each alleged violation and waived further reading thereof.

3. Mr. Beatty was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. That Mr. Beatty would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. That Mr. Beatty had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Beatty had violated the alleged condition or conditions of supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Magnus-Stinson's designation on September 30, 2011.

7. Mr. Marsh stated that Henry L. Beatty would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth as amended orally, and set forth in the Petition. Mr. Beatty orally waived the preliminary examination and he was held to answer.

8. Mr. Beatty, by counsel, stipulated that he committed specification of violations numbered 1 through 5 as set forth in the Petition for Warrant or Summons for an Offender Under Supervision as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance.** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."** |
| | As previously reported to the Court, on May 20, 2010, the offender submitted a urine sample which tested positive for marijuana. He admitted using the substance. On September 16, 2010, the offender submitted a urine sample which tested positive for cocaine. He denied using the substance, stating he was around cocaine, but did not touch or ingest it. |
| | On August 6, 2011, the offender submitted a urine sample which tested positive for cocaine. He denied using the substance. The positive test results were confirmed by Alere National Laboratory. |
| 4 | **"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."** |
| | As previously reported to the Court, the offender failed to appear for random urine tests on December 24 and 28, 2009, June 24, and September 15 and 27, 2010. |
| | He also failed to report for random urine testing on May 21, and June 15, 2011. |

> **5** **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**
>
> **A**s previously reported to the Court, from November 2009 through October 2010, Mr. Beatty had not held a job with verifiable income. He had been repeatedly instructed to find an employer who will pay him by check and provide documentation of income. Mr. Beatty, however, continued to find employment where he was paid in cash, and he failed to provide any verification of income.
>
> While residing in the Residential Reentry Center (RRC) for his previously violations, Mr. Beatty found a legitimate employer. In May 2011, he lost his job due to having unexcused absences. He has had no verifiable employment since.

The Court placed Mr. Beatty under oath and directly inquired of Mr. Beatty whether he admitted violations of the specifications of his supervised release set forth above. Mr. Beatty stated that he admitted the above violations of his supervised release as set forth above. The Court now finds there is a basis in fact for his admissions and accepts same.

Counsel for the parties further stipulated to the following:

> 1) Mr. Beatty has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).
>
> 2) The most serious grade of violation committed by Mr. Beatty constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).
>
> 3) Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Beatty is 12-18 months.
>
> 4) The parties did not agree as to the appropriate disposition for Mr. Beatty's conditions of supervised release.

The defendant, by counsel, and the government each presented evidence regarding appropriate disposition of the case.

The Court, having conducted a revocation hearing and having found that the defendant committed the violations set out above, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussion on behalf of each party, **NOW FINDS** that the defendant be sentenced to the custody of the Attorney General or his designee for a period of six months. It is recommended that defendant be designated to a correctional institution nearest to Indianapolis, Indiana. Upon Mr. Beatty's release from confinement, he will not be subject to supervised release.

Mr. Beatty's supervised release is therefore **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of six months. The Court recommends to the Bureau of Prisons that Mr. Beatty be designated for confinement to a federal correctional institution nearest to Indianapolis, Indiana. Upon the conclusion of his confinement, defendant will not be subject to supervised release.

The Magistrate Judge requests that Diane Asher, U. S. Parole and Probation Officer, prepare for submission to the Honorable Jane Magnus-Stinson, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts

and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking Mr. Beatty's supervised release as delineated above.

IT IS SO RECOMMENDED this 27th day of October, 2011.

Kennard P. Foster, Magistrate Judge
United States District Court

Distribution:

Brad Shepard,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal